UNITED STATES DISTRICT COURT

For the

Western District of New York

_____Division

42 U.S.C. 1983

Case No. 20-CV1028-V

RODNEY LIDDELL HARRIS/PLAINTIFF

-v-

NEW YORK STATE DEPARTMENT OF CORRECTION & COMMUNITY SERVICES [Hereafter known as: NYSDOCCS]

NEW YORK STATE DEPARTMENT OF PAROLE [Hereafter known as: NYSDOP]

COUNTY OF ERIE DISTRICT ATTORNEY'S OFFICE [Hereafter known as: District Attorney's Office]

COUNTY OF ONONADAGA DISTRICT ATTORNEY'S OFFICE [Syracuse District Attorney's Office]

ET AL, DEFENDANT(s)

The plaintiff is unable to provide all the names of defendant(s). It is the belief of the plaintiff during the Discovery more information will be released from Defendant(s) which may added to the complaint. There are several unknown defendants connected to the named agencies and departments which will be revealed during proceedings. This complaint is being brought against them in their official capacity. I will also introduce proof which includes Attorneys, parole staff, State Supreme Court Judges; State Prosecutors and Parole Commissioners, in their official capacity.

On June 2, 2019 Rodney L. Harris was arrested by Amherst, New York police. Plaintiff was informed a fugitive Warrant was filed against him by the State of Florida. Plaintiff was told that he violated Florida Statute 993.0435(9)(a).

The Plaintiff states upon his knowledge and belief, that he filed a prior CPL 440 motion (People vs Rodney Harris, 559 NYS2d 966) in 1989 after his jury trial conviction in 1987. Based upon the above case, it is the belief of plaintiff that an error was made regarding the instructions given in the footnotes of the Court of Appeals decision. The wording of the above case appears to state the Supreme Court Appellate Division, decision to "AFFIRM" was based on erroneous information. Plaintiff never filed any appeal. It appears as if the Court of Appeal judges ruled on the CPL 440 motion in their footnotes at the end of their decision.

Plaintiff presents this document as a means in which to request relief from any obligation to register as a sex offender on the grounds that it violates the Doctrine of Legitimate Expectation of Finality and numerous violations of Due Process. Plaintiff also seeks financial damages in the amount of ($28 million dollars) for the harm caused by various agencies and numerous participants in the collusion to keep me incarcerated. It is the plaintiffs belief based on his information that he has been forced to register as a sex offender illegally for the past 30 years or less.

The following Court Of Appeal judges names: Wachtler, C.J.; Simons, Alexander, Hancock and Bellacosa, J.J., all stated in the above case (People v Rodney Harris, Supra) the New York State Appellate Division, Fourth Department should review the 1987 jury trial and the CPL 440 motion, which resulted with plaintiff being required in 1999 or 2000 to appear before Honorable Anthony Aloi, Syracuse Supreme Court Judge for sentencing length as a registered Level One, Sex Offender for 10 years.

Based on the plaintiff's knowledge and belief, he was sentenced by Syracuse Supreme Court Judge Anthony Aloi , to serve a term of 10 years. Plaintiff is presently still required to register because of an error committed by the named and unnamed administrative agencies and "et al" defendants in this complaint. The plaintiff submits it is his belief, that numerous Due Process violations were made.

This complaint submitted by the plaintiff also requests the presiding judge to inquire as to the procedures conducted during the sentencing phase of the "Judicial Determination Hearing" [Hereafter known as: J.D.H] held by Supreme Court Judge Anthony Aloi who was well familiar with the instant case as he was the law clerk for Syracuse Supreme Court William Burke in the case (People v Rodney Harris, Supra). It may be submitted that there may also be issues of Conflict of Interest.

This complaint raises questions regarding the legality of the plaintiff's requirement to register as a Level one sex offender. It also raises questions as to the legality of the incarceration of plaintiff in the Erie County Holding Center during the months of June 2019 until September 2019. It is based on the belief of the plaintiff that he has submitted in this complaint, that there are violation issues of Legitimate Expectation of Finality, Separation of Powers, Due Process, Multiple Punishments.

The plaintiff presents questions regarding whether the administrative agency known as "NYSDOCCS" (Parole Staff) was given "judicial" authority to "extend" the Supreme Court Judge Anthony Aloi's sentence decision of 1999 or 2000 of ten (10) years, 20 extra years? If the presiding judge over this complaint agrees there is no guideline, procedure, statute or regulation which permits New York State Department of Parole or New York State Department of Corrections and Supervision [NYSDOCCS] then the plaintiff requests that he no longer be obligated to register as a sex offender. The plaintiff submits that there are several cases which speak of the function of "quasi-judicial" power agencies are endowed with as it relates to any administrative agencies, duties and authority.

The length of a "judicial" sentence can never be "extended" by the aforementioned administrative agency without proper authority under the law. And the authority to extend a "judicial" sentence can only be done "judicially". In this case, there was no "resentencing" by a New York State Supreme Court Judge to "extend" the ten year sentence nor was there any law which gave (NYSDOCCS) officials the authority to change a "judicial" sentence. The "PAROLE STAFF" of New York State, located in Buffalo, New York imposed an additional ten years on the plaintiff after the original sentence of Supreme Court Judge Anthony Aloi's sentence 10 years was completed and he was released from incarceration.

Plaintiff had also completed the sentence of New York State Supreme Court William Burke's original sentence of six to twelve years. As a general principle, a sentence should not be changed once a defendant begins to serve it. It would appear that the additional years imposed by the administrative agency mentioned, would not only violate the Double Jeopardy Clause of the United States Constitution, it also questions whether such action by the administrative agency violates any "Separation of Powers" laws since he was never "resentenced".

Based on several United States Supreme Court decisions, it is the belief of the plaintiff that, once he was released from incarceration, he was entitled to a "Legitimate Expectation of Finality". The Double Jeopardy Clause of the 5th Amendment states, "No person shall be subject for the same offense to be twice put in jeopardy of life or limb". The United States Supreme Court has construed this language to cover three (3) distinct protections: (1.) "The right to be free from a second trial following an acquittal for the same crime." (2) "The right to be free from a second trial following a conviction of the same offense". And the third category called: Multiple Punishments Doctrine.

This pertains to the plaintiff's case. After having completed the specific sentence of the original sentence court, no other penalty could be legally imposed on the plaintiff. The Court reasoned that, by imposing another sentence for the same crime results in more than one (1) punishment for the same crime.

I am stating that there are numerous defendant(s) in this Federal 1983 petition. As it relates to the initial Judicial Determination hearing, I submit that New York State Supreme Court Judge of Onondaga

County, William Burke; New York State, Assistant District Attorney of Syracuse New York, Richard P. and Defense Attorney(s) Frank and Michael V., New York State Supreme Court Judge of Onondaga County, Anthony Aloi., New York State Supreme Court Judge of Erie County, John Michalski, JSC., Defense Attorney, C. Vergos., New York State, Assistant District Attorney of Erie County, K. Ahlstrom., Defense Attorney, Justin L. Jablonski.  Et al., All named parties, participated in the error presently.

Plaintiff filed a CPL. 440 motion which resulted in the above case (People v Rodney Harris, Supra.) The name Court of Appeals Judges ruled the Supreme Court Judge William Burke committed a CPL 3.30 violation. The Syracuse Assistant Richard P. should have allowed a new trial for plaintiff based on the reversal of the Court of Appeals decision. The Court of Appeal Judges were never ruling on an appeal filed by plaintiff, the only motion that was filed by plaintiff was regarding the CPL. 310.30 error in a CPL 440 claim. The Attorneys who sent the CPL 440 motion to the Appellate Division, Fourth Department, never filed any motion or motions, to the knowledge of the plaintiff, other than the CPL 440 motion. So, if the People v Rodney Harris, 559 NYS2d 966, appeal was actually based solely on issues concerning the actions of Judge Burke, then the "footnote" decision, actually acts as a the "decision" to review the CPL 310.30 error, which the claim addresses. In the dissenting opinion, Judge Titone states, "There is little room for dispute about the basic principles that are applicable here. *CPL 310.30* requires the personal presence of the accused whenever "information or instruction is given to a deliberating jury". [SEE FOOTNOTE, People v Rodney Harris, Supra.]

Based on plaintiff's Trial defense counsel [Frank and Michael V.] and Appellate Counsel [names unknown at this time]; they were ineffectiveness at the CPL. 440 hearing, held several years after jury trial. Plaintiff also believes based on his knowledge that Supreme Court Anthony Aloi committed an act which amounts to Conflict of Interest based on his connection to Judge Burke and because plaintiff believes the issue of Legitimate Expectation of Finality applies because of there may also be issues in which question the time of the judicial determination hearing. So not to be confused, there are several issues of Legitimate Expectation of Finality. One that concerns Judge Aloi timing of the judicial determination hearing and one that relates to the administrative agency's [Parole Staff] authority to "extend" a judicial sentence in violation of plaintiff's civil rights protected by the Constitution of the United States.

The plaintiff also believes when New York State Supreme Court Judge John Michalski sentenced him in 2013, they may also have been a legal impediment for him to sentence me based on the error(s) committed by already named and unknown named defendants. The defense attorney C. Vergos was ineffective in because she didn't state that plaintiff was not required to register based on there being some constitutional errors of the past that were preserved on the record of the Judicial Determination hearing by representing defense attorney. Name is unknown at this time.

The plaintiff believes that records within her control and in the control of the Erie County District Attorney's Office should have provided her with more information which would have shown the 1990

case and therefore could have argued, the detention of Plaintiff, was illegal, since the arrest was based on a "Failure to Register" as a Level one sex offender, the above case would have opened up a defense for plaintiff and would have prevented an arrest of plaintiff in June 2019.

The New York State, Assistant District Attorney of Erie County, K. Ahlstrom, filed an "Extradition" Order to the Governor of Florida, when I decided to use my right to challenge the extradition warrant. I filed a Habeas Corpus motion while detained in the Erie County Holding Center because I was aware that that motion was the only one that I could use. I requested from my attorney Justin Jablonski information from his files (or to obtain files) that would show the error made at various levels of the departments and agencies. I was informed by the attorney (Jablonski) that the only thing he was required to do for me was to get me to admit that I was the person on the extradition warrant.

When both (Jablonski and Ahlstrom) knew that the plaintiff filed a "Habeas Corpus" to challenge the legality of my incarceration, I was brought into court and told, there was no reason to fight the warrant because it's obvious the photo was me. I informed my attorney about People v Rodney Harris but, the attorney informed me that it was not what it appeared to be. The decision was convoluted.

My attorney (Jablonski) at the time, made sure to not to see me, until he was sure the "extradition warrant" was present in the courtroom. During the months of July, August and September of 2019, I was informed by my attorney that he was looking for an attorney who could appeal the Harris case because he did not know how to do appeal briefs. On September 4, 2019, plaintiff was brought into court. It was the understanding of the plaintiff that day he was being brought into court to address the Habeas Corpus motion that had been pending since August 12, 2019. However, when plaintiff entered the holding pen Attorney Jablonski requested the plaintiff provide Assistant District Attorney K. Alhstrom with a copy of the Habeas Corpus motion.

According to the knowledge and belief of plaintiff, he was under the impression that when a Habeas Corpus motion is filed there is Docket Number which is assigned to the case. Since plaintiff was informed on August 12, 2019 by the Supreme Court Chambers that his petition for Habeas Corpus was pending further trust fund account approval, plaintiff was totally taking off-guard by Attorney Jablonski request. I explained to him that I only brought with me the "facts" of the Habeas; I did not bring the whole motion. When I provided them with the limited portion I had with me, the A.D.A. K. Alhstrom, with into the courtroom. After a few moments, I was called into the courtroom. With my attorney standing next to me and A.D.A. K. Alhstrom standing next to him, she whispered that she was dismissing my Habeas Corpus for improper presentation. Then the Court Judge states, I am presented for the purpose of an Extradition Warrant executed by the Governor of the State of Florida.

Attorney Justin Jablonski was Ineffective because he deliberately sat on the sidelines when he was informed that plaintiff wanted to address the issue in the form of a Habeas Corpus motion. As Counsel (Jablonski) in this case, he was aware of plaintiff's desire to obtain justice as plaintiff was illegally detained based on known the errors made by past numerous defense counselors.

I am not a State or Federal prisoner.

I am still subject to being arrested and my Due Process rights violated. I have mentioned there was a pending Habeas Corpus motion in Erie County but, plaintiff was never informed what happened to the hearing.

My Attorney (Jablonski) informed me that because I admitted to being the person on the warrant the motion therefore must be dismissed. But, the Habeas Corpus motion in Erie County Court was challenging the basis of the arrest.

The plaintiff made every effort to challenge his unlawful detention and incarceration status.

Plaintiff has never had his claim dismissed based on the three strike rule.

I have addressed this issue in the State of Florida. There was a decision from the 13th Judicial Circuit Court for Hillsborough County, Honorable Judge Melissa Polo.

The parties of that suit involved the Hillsborough County Sheriff, Tampa Fla. [Case Number # 19-CF-003392]. The Habeas Corpus motion was filed 12/12/2019.

The case is no longer pending based on the plea accepted in her courtroom.

However, the underlying question of law which involves plaintiff Rodney Harris is whether the obligation to register as a Level One sex offender by the plaintiff is unlawful and illegal based on the various violation(s) mentioned in this Federal 1983 complaint concerning Legitimate Expectation of Finality; Separation of Powers; Due Process; CPL 310.30.

Also, is it true that the administrative agency known as the NYSDOCCS [Parole] extended plaintiffs supervision time of ten years without "judicial authority" and in violation of known Federal laws, regulations or guide-lines.

Under Federal Rule of Civil Procedure 11, I, *Rodney L. Harris*, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support of, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*[Signature]*
Pro Se

NOTARY PUBLIC
*[Signature]*

MATT FORSTER
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01FO6273607
My Commission Expires 12/03/2020

DATE: 8-3-2020

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

20 CV1028

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RODNEY LIDDELL HARRIS

## DEFENDANTS
NYS DOCCS; NYS-D.O.P.; ERIE COUNTY DISTRICT ATTORNEY'S OFFICE

(b) County of Residence of First Listed Plaintiff: **ERIE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE
221 HARTFORD ROAD
AMHERST, NY 14226

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act |  | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
DUE PROCESS, MULTIPLE PUNISHMENT, SEP. OF POWERS, LEGIT. MADE EXPECTATION OF FINALITY

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 20 MILLION DOLLARS

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8-4-2020

SIGNATURE OF ATTORNEY OF RECORD: *Rodney B. Harris*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____