UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RODNEY LIDDELL HARRIS,

       Plaintiff,

    v.                                              20-CV-01028-LJV
                                                    ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTION & COMMUNITY
SERVICES, *et al.*,

       Defendants.

---

## **INTRODUCTION**

On August 4, 2020, the *pro se* plaintiff, Rodney Liddell Harris, filed a complaint asserting claims under 42 U.S.C. § 1983.  Docket Item 1.  He alleged that beginning in 1987, the defendants unlawfully convicted and sentenced him in New York State Supreme Court.  *Id.*  On August 6, 2020, this Court granted Harris's motion to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915(e)(2).  *See* Docket Item 3.  The Court ordered Harris to show cause within 30 days of the date of that order why his claims were not barred by the favorable-termination doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Docket Item 3 at 4-5.  Harris responded to that order on September 4, 2020.  Docket Item 4.

For the reasons that follow, Harris's complaint is dismissed under 28 U.S.C. § 1915(e)(2).

**DISCUSSION**[1]

Under the Supreme Court's decision in *Heck*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under [section] 1983.

512 U.S. at 486-87 (emphasis in original) (footnote omitted).  In other words, if the plaintiff's success on a claim would necessarily imply the invalidity of a conviction or sentence that has not been set aside, that claim must be dismissed.  *Id.*

Harris argues that his complaint is not barred by *Heck* because his claim is for evidence fabrication, not malicious prosecution.  Harris reasons:

> "Favorable termination" is not or at least was not previously an element of a "civil fabrication claim."  Malicious prosecution arises from the Fourth Amendment protections against unreasonable seizures, while fabrications claims . . . arise from [the] Due Process Clause's guarantee of a fair trial.  Favorable termination does not make sense in the 14th Amendment fair trial context because even a guilty person can be deprived of a fair trial[,] as long as he had a reasonable prospect of a better outcome absent the misconduct.

Docket Item 4 at 4.

Harris's argument misses the point of *Heck*.  Whether "favorable termination" is "an element of" the claim is of no moment.  What matters is whether success on the claim implies the invalidity of the conviction.  And here, that clearly is the case.

---

[1] The Court assumes familiarity with the factual allegations set forth in the complaint, Docket Item 1, and the discussion in this Court's prior order, Docket Item 3.

To prevail on a claim for the denial of the right to a fair trial, a plaintiff must prove that an "(1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016).  Here, Harris alleges that he was injured by a conviction that resulted from fabricated evidence.  But because "[a] [section] 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction," such a claim is "not cognizable" so long as the "plaintiff's conviction remains valid."  *Perez v. Cuomo*, No. 09-CV-1109(SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) (citing *Heck*, 512 U.S. at 486-87) (additional citation omitted).[2]  Harris does not dispute that all convictions mentioned in his complaint remain valid.  *See* Docket Items 1 and 4.  Consequently, Harris cannot, as a legal matter, maintain a suit for denial of a fair trial as to any of his prior convictions.

What is more, even if Harris's fair-trial claim were were not barred by *Heck*, the Court still would dismiss it for lack of any, let alone plausible, factual support.  Neither the complaint nor the show-cause response offers any factual allegations supporting

---

[2] *See also Burris v. Nassau Cty. Dist. Attorney*, No. CV145540JFBGRB, 2017 WL 9485714, at *9 (E.D.N.Y. Jan. 12, 2017) ("[The p]laintiff's claim that he was denied the right to a fair trial based upon the allegation that defendants fabricated evidence to support his indictment . . . implicates the invalidity of his state court conviction . . . and is precluded until there is a favorable termination of the conviction."), *report and recommendation adopted,* No. 14CV5540JFBGRB, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017); *Barnes v. City of New York*, No. 13-CV-7283 GBD JLC, 2015 WL 4076007, at *16 (S.D.N.Y. July 2, 2015) ("Where the plaintiff's underlying conviction has not been so invalidated, courts routinely dismiss [s]ection 1983 claims for, *inter alia,* malicious prosecution, conspiracy, and deprivation of the right to a fair trial pursuant to *Heck*." (collecting cases)), *report and recommendation adopted,* No. 13 CIV. 7283 GBD JLC, 2015 WL 5052508 (S.D.N.Y. Aug. 26, 2015).

Harris's claim that "various individuals" fabricated evidence; instead, Harris simply makes that assertion and then argues that his complaint should not be dismissed because a fair trial claim *could* survive the *Heck* bar. *See id.* at 4. "A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Melendez v. Greiner*, 477 F. App'x 801, 802 (2d Cir. 2012) (summary order) (cleaned up) (citation omitted).

Accordingly, Harris's claim for denial of a fair trial may not proceed. The only remaining claim—one for malicious prosecution—is barred under *Heck*, as discussed in this Court's prior order. *See* Docket Item 3 at 4-5.[3] Harris's complaint therefore is dismissed with prejudice.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the complaint is dismissed under 28 U.S.C. § 1915(e)(2), and the Clerk of Court shall close the case; and it is further

---

[3] In the complaint, Harris discusses several criminal proceedings spanning from 1987 to 2020. His central claim seems to be that he "has been forced to register as a sex offender illegally for the past 30 years." Docket Item 1 at 2. Because that requirement resulted from a 1987 conviction in New York State Supreme Court, Onondaga County, which Harris does not dispute remains valid, any consequences apparently flowing from it—including the 1999 and 2013 sex offender sentencings, and the alleged sentence extension by the New York State Department of Corrections and Community Supervision—are barred under *Heck*. Similarly, Harris does not dispute that his 2020 conviction in Hillsborough County, Florida, for failure to register as a sex offender remains valid, rendering any claim related to that event, including the attendant extradition, similarly barred.

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:	September 23, 2020
	Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
